# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **S.H.**

**No. 16-1126** (Marion County 14-JA-41)

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.H., by counsel Scott A. Shough, appeals the Circuit Court of Marion County's November 18, 2016, order denying his "motion for reconsideration" of a March 11, 2016, order accepting his voluntary relinquishment of parental rights to then one-year-old S.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Terri L. Tichenor, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that the relinquishment of parental rights was voluntary and free from duress and/or fraud.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, the DHHR filed an abuse and neglect petition against the child's parents alleging substance abuse and repeated incidents of domestic violence in the home.[3] In September

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent only minor stylistic revisions and those revisions have no impact on the Court's decision herein.

1

of 2014, at an adjudicatory hearing, petitioner stipulated to the allegations in the petition and agreed that he had neglected the child. Thereafter, the circuit court granted petitioner a six-month post-adjudicatory improvement period and subsequently extended those improvement periods for three months. However, based on the petitioner's failure to comply with court-ordered drug screening and other services offered by the DHHR, the matter was scheduled for disposition.

Petitioner's first dispositional hearing was held in September of 2015. At that hearing, the circuit court granted petitioner a dispositional improvement period due to his increased compliance with drug screens and other services. However, in October of 2015, petitioner tested positive for codeine, morphine, and cocaine and was arrested for possession of heroin and obstructing an officer. Petitioner admitted to swallowing three packets of heroin while being transported by police. Given these events, the DHHR and guardian filed a joint motion to revoke petitioner's improvement period, which was granted.

In January of 2016, the circuit court held a final dispositional hearing. Petitioner acknowledges that he had a "substantive conversation" about the case with his counsel prior to the hearing. At the hearing, petitioner was sworn in and stated his intention to voluntarily relinquish his parental rights to the child. The circuit court and parties questioned him about his understanding of the proceedings and his relinquishment. In response to those questions, petitioner confirmed that he was not threatened or promised anything in exchange for his relinquishment. He further stated that he understood that his relinquishment was not conditional on his ability to visit with the child and that he could be "denied visitation or contact . . . [and] not have legal recourse[.]" Petitioner was also informed that he had no control over who ultimately adopted the child. By order entered on March 11, 2016, the circuit court accepted petitioner's voluntary relinquishment of parental rights. Petitioner did not directly appeal that order.

Sometime after the relinquishment hearing, the DHHR observed the child in the custody of petitioner and the child's mother, and the DHHR informed the maternal grandmother that if she continued to allow petitioner or the child's mother to have custody of the child, then the DHHR would place the child elsewhere.[4] Following the incident with the child's maternal grandmother, petitioner contacted the circuit court and requested a new attorney. The circuit court granted the request and appointed petitioner a new attorney.

In August of 2016, petitioner filed a "motion for reconsideration" of his relinquishment.[5] In October of 2016, the circuit court held a hearing on that motion, and, following the hearing, the circuit court denied petitioner's motion.[6] This appeal followed.[7]

---

[3]The petition concerned another child, C.M., who is not petitioner's biological child. As such, petitioner raises no assignments of error as to C.M., and this memorandum decision relates to S.H. only.

[4]According to the guardian ad litem, the child was, indeed, later removed from his maternal grandmother.

[5]Petitioner refers to his motion as a "motion to withdraw the relinquishment," but no such motion was included in the record on appeal nor does the circuit court's docketing sheet reflect

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, pursuant to West Virginia Code § 49-4-607, "[a]n agreement of a natural parent in termination of parental rights is valid if made by a duly acknowledged writing, and entered into under circumstances free from duress and fraud." In discussing this statute, we have previously stated that

---

any such filing. According to the docket sheet, a "motion for reconsideration" was filed below, but that motion was also not included in the record before this Court. While failing to provide the underlying motion, petitioner included in the record a transcript from the circuit court's "reconsideration hearing" and the resulting order denying the "motion for reconsideration." This Court notes that there is no legal authority for a "motion for reconsideration" in abuse and neglect proceedings, and the Rules of Civil Procedure regarding motions to alter, amend, or seek relief from judgment do not apply to abuse and neglect proceedings. W.Va. R. Civ. P. 81(a)(7) (providing that Rules 59 and 60 of the West Virginia Rules of Civil Procedure regarding motions to alter, amend, or seek relief from judgment do not apply to abuse and neglect cases). Further, a parent whose rights were terminated may not seek to modify an order of the circuit court pursuant to Rule 46 of the West Virginia Rules of Procedure for Abuse and Neglect Proceedings. W.Va. R. Proc. Child Abuse and Neglect P. 46 (excluding person whose parental rights were terminated from filing motion for modification of judgment). As such, this Court will treat petitioner's "motion for reconsideration" as a motion made pursuant to *State ex rel Rose v. Pancake*, 209 W.Va. 188, 544 S.E.2d 403 (2001) (permitting a circuit court to hold a hearing on a former parent's motion to consider whether his voluntary relinquishment was based on fraud and/or duress).

[6]The parental rights of both parents were terminated. According to the guardian, the child currently resides with his maternal great-grandfather with a permanency plan of adoption into that home.

[7]On appeal, petitioner does not raise an assignment of error specifically regarding the circuit court's termination of his parental rights.

3

[w]hile W.Va. Code [§] 49-6-7 [now 49-4-607] specifically permits a relinquishment of parental rights, it clearly suggests that such an agreement may be invalid if it is not entered into under circumstances that are free of duress and fraud. Whether there has been fraud or duress is a question of fact that must be determined by the circuit court judge. Accordingly, we hold that under the provisions of W.Va. Code [§] 49-6-7 [now 49-4-607], a circuit court may conduct a hearing to determine whether the signing by a parent of an agreement relinquishing parental rights was free from duress and fraud.

*State ex rel. Rose L. v. Pancake*, 209 W.Va. 188, 191, 544 S.E.2d 403, 406 (2001). Upon our review, we find no error in the circuit court's ruling that petitioner's relinquishment of parental rights was free from duress and fraud.

On appeal, petitioner argues that the record clearly supported a finding that his voluntary relinquishment of parental rights was based on fraud or duress. To support his claim, petitioner asserts "that his relinquishment was completely predicated on the knowledge that [the child's] grandmother would have complete control over" the child's visitation schedule. In essence, petitioner argues that he believed his relinquishment of parental rights was conditioned upon his ability to visit with the child and that the child would be adopted by the maternal grandmother. However, petitioner's admissions at the January of 2016 hearing contradict his argument. At that hearing, petitioner was informed that he had no unconditional right to continued visitation with the child and that he had no control over who ultimately adopted the child. Based upon these admissions and other portions of the record, the circuit court found that petitioner understood the effects of his actions in relinquishing her parental rights and that "there is NO EVIDENCE of any fraud or duress related to the decision or offering of the voluntary relinquishment of parental rights by either [parent]." Having reviewed the record before us and the parties' arguments, we find no error in the circuit court's order denying petitioner's motion to reconsider his relinquishment based on duress or fraud. We agree with the circuit court that there is simply no evidence of fraud or duress in the record.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 18, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 9, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4